UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER M. FLESHER,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>LOS ANGELES COUNTY JAIL MEDICAL STAFF, ET AL.,<br><br>　　　　　　　　Defendant(s). | Case No. CV 20-3937-AB (KK)<br><br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Xavier M. Flesher ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging his "civil rights were violated". For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On April 21, 2020, Plaintiff, who is currently detained at Wasco State Prison, constructively filed[1] the Complaint against Los Angeles County Jail Medical Staff[2] and Dr. Ryu, a physician at "JWCH Medical Clinic,"[3] (collectively, "Defendants") in their official capacity.  ECF Docket No. ("Dkt.") 1.  Plaintiff alleges his "civil rights were violated on two separate occasions [by] medical malpractice."  Id. at 5.  He alleges he was "violated morally physically and character defamed."  Id.  Plaintiff alleges he was "given a diagnoses of HIV antibody on two separate occasions by medical staff."  Id. at 3.  He also alleges he was "prescribed medications that deteriorated [his] body and are harmful to health for over a year [after the] medical malpractice on two separate

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners").

[2] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Because Plaintiff is unaware of the true names of the unnamed Doe defendants, Plaintiff will be given the opportunity to discover the names of the Doe defendants.  Plaintiff is cautioned that if he is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified.  See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

[3] "JWCH Medical Clinic" may be referring to the JWCH Institute, Inc., which appears to be a "private non-profit health agency."  See http://jwchinstitute.org/.  In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege a particular defendant, *acting under color of state law*, deprived the plaintiff of a right guaranteed under the United States Constitution or a federal statute.  42 U.S.C. § 1983 (emphasis added); see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  Thus, private parties generally cannot be held liable under Section 1983.  See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Accordingly, if Plaintiff seeks to pursue a Section 1983 claim against the JWCH Institute, Inc. or Dr. Ryu, Plaintiff must present specific facts to support the claim that a private party is acting under color of state law.  See Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (holding conclusory allegations private parties are acting under color of state law, unsupported by facts, is insufficient to state a claim under Section 1983).

occasions." Id. at 5. Plaintiff seeks "monetary relief d[ue] to medical malpractice." Id. at 6.

## III.
## STANDARD OF REVIEW

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it

1  "allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." Id.  The complaint "must contain sufficient allegations of
3  underlying facts to give fair notice and to enable the opposing party to defend itself
4  effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

5  "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,
6  however inartfully pleaded, must be held to less stringent standards than formal
7  pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).
8  However, liberal construction should only be afforded to "a plaintiff's factual
9  allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d
10 339 (1989), and a court need not accept as true "unreasonable inferences or assume
11 the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock
12 Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

13 If a court finds the complaint should be dismissed for failure to state a claim,
14 the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,
15 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it
16 appears possible the defects in the complaint could be corrected, especially if the
17 plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106
18 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot
19 be cured by amendment, the court may dismiss without leave to amend. Cato, 70
20 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

21                                              **IV.**
22                                       **DISCUSSION**
23 **A.    THE COMPLAINT FAILS TO COMPLY WITH RULE 8**
24       **1.    Applicable Law**
25 Rule 8 requires a complaint contain "a short and plain statement of the claim
26 showing that the pleader is entitled to relief" and "a demand for the relief sought."
27 Fed. R. Civ. P. 8.  Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of
28 entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S.

1  Ct. 1955, 167 L. Ed. 2d 929 (2007).  "[T]he 'short and plain statement' [required by
2  Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is
3  and the grounds upon which it rests.'"  Dura Pharms., Inc. v. Broudo, 544 U.S. 336,
4  346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).  "Experience teaches that, unless cases
5  are pled clearly and precisely, issues are not joined, discovery is not controlled, the
6  trial court's docket becomes unmanageable, the litigants suffer, and society loses
7  confidence in the court's ability to administer justice."  Bautista v. L.A. Cty., 216 F.3d
8  837, 841 (9th Cir. 2000).

**2.  Analysis**

Here, the conclusory allegations in the Complaint prevent the Court, and any defendants, from deciphering the factual and legal basis for each defendant's alleged liability.  See Clayburn v. Schirmer, 2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008) ("The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes." (citing McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996))).  The Complaint leaves the Court with a barebones statement that his rights have been violated and the Court cannot determine who the defendants are, what specific law(s) each defendant is alleged to have violated, or what specific actions each defendant took.  See id.

Plaintiff fails to provide any specific facts regarding what alleged actions taken by each defendant resulted in a violation of his civil rights.  For example, it is not clear whether it was Plaintiff's diagnosis with HIV antibodies, see dkt. 1 at 3, or the medication he received, see id. at 5, that caused his injuries.  Absent specific allegations identifying what actions each defendant took against Plaintiff and how such actions violated Plaintiff's rights, the Complaint fails to provide any defendant with fair notice of Plaintiff's claims or the grounds upon which they rest.  Ultimately, unclear pleadings, like the FAC, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal.  Little v. Baca, No. CV 13-0373-PA (RZ),

2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Accordingly, Plaintiff's Complaint does not set forth a "short and plain statement" of his claims as required by Rule 8. Dura Pharms., Inc., 544 U.S. at 346.

As such, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177.  If Plaintiff chooses to file an amended complaint, he must identify the legal and factual basis for each defendants' alleged liability.

**B.  THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY**

**1.  Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury.  Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992).  Proof of random acts or isolated events is insufficient to establish a custom or practice.  Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law.  Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).  In addition, a

plaintiff must show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### 2.  Analysis

Here, Plaintiff fails to state a Section 1983 claim against Defendants in their official capacity because Plaintiff fails to identify any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. In fact, Plaintiff alleges his "civil rights were violated on two separate occasions", dkt. 1 at 5, which is not sufficient to establish a custom or practice. Thompson, 885 F.2d 1439. Plaintiff has, therefore, failed to allege a policy, practice, or custom, that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino, 99 F.3d at 918. Accordingly, Plaintiff's Section 1983 claims against Defendants in their official capacity are subject to dismissal.

## C.  THE COMPLAINT FAILS TO STATE A CLAIM FOR INADEQUATE MEDICAL CARE OR DELIBERATE INDIFFERENCE

### 1.  Applicable Law

The Fourteenth Amendment governs claims for violations of the right to adequate medical care brought by pretrial detainees. Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S. Ct. 794, 202 L. Ed. 2d 571 (2019). A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. Id. The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk,

7

1      even though a reasonable official in the circumstances would have

2      appreciated the high degree of risk involved—making the consequences

3      of the defendant's conduct obvious; and (iv) by not taking such

4      measures, the defendant caused the plaintiff's injuries.

5 Id.

6        "With respect to the third element, the defendant's conduct must be objectively

7 unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each

8 particular case.'" Id. (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071

9 (9th Cir. 2016)). The "'mere lack of due care'" is insufficient. Id. (quoting Daniels v.

10 Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). A plaintiff

11 must "prove more than negligence but less than subjective intent – something akin to

12 reckless disregard." Id.; Sarkiss v. Duncan, No. CV 17-06866-VAP (DFM), 2017 WL

13 10562979, at *6 (C.D. Cal. Sept. 22, 2017) ("[A] claim of medical malpractice or mere

14 negligence is insufficient to make out a Fourteenth Amendment claim.").

15        **2.     Analysis**

16        Here, Plaintiff[4] appears to seek relief for "medical malpractice," which is

17 insufficient to allege a Fourteenth Amendment claim. See Sarkiss, 2017 WL

18 10562979, at *6. Hence, Plaintiff's Section 1983 claim for inadequate medical care is

19 subject to dismissal.

20 ///

21 ///

22

---

23    [4]    Plaintiff fails to allege whether the alleged constitutional violations occurred
24 before or after he was convicted. Therefore, it is not entirely clear whether the
Fourteenth Amendment standards apply or whether the often harder-to-prove Eighth
25 Amendment "subjective" standard would apply. Kingsley v. Hendrickson, 576 U.S.
389, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015) (noting the standard applicable to
26 Fourteenth Amendment excessive force cases is the same as the Fourth Amendment
"objective" test, rather than the often harder-to-prove Eighth Amendment
27 "subjective" standard). Nevertheless, because Plaintiff has failed to state a claim
under the Fourteenth Amendment, a claim under the Eighth Amendment would also
28 fail. If Plaintiff chooses to file a First Amended Complaint as discussed below, he
should specify whether the incidents occurred before or after conviction.

8

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.  Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint. If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the entire action be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to

mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 18, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge